NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN LUIS LOPEZ-QUINTANA, AKA Juan Luis Lopez, AKA Juan Luis Lopez Quintana, AKA Juan Luis Quintana,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.   13-73859<br><br>Agency No. A077-987-091<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2018**
Pasadena, California

Before:  McKEOWN and WARDLAW, Circuit Judges, and QUIST,*** District Judge.

Juan Lopez-Quintana ("Lopez") petitions for review of the Board of

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision finding him removable from the United States. He challenges the BIA's denial of his applications for withholding of removal under Section 241(b)(3) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231, and for withholding and deferral of removal under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review Lopez's claims for withholding and deferral of removal, as well his CAT claims and the factual findings underlying the BIA's order, for substantial evidence. *See Vinh Tan Nguyen v. Holder*, 763 F.3d 1022, 1029 (9th Cir. 2014); *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006).

The BIA correctly found that Lopez was removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony, and under 8 U.S.C. § 1227(a)(2)(B)(i) as an alien convicted of a crime relating to a controlled substance.

Lopez's convictions for possession of methamphetamine for purposes of sale constituted "particularly serious crimes" as that term has been interpreted by *Matter of Y-L*, 23 I & N Dec. 270 (A.G. 2002). *Matter of Y-L* found that an aggravated felony involving drug trafficking presumptively constitutes a particularly serious crime, and established six threshold requirements that Lopez

2

was required to meet in order to rebut the presumption. *Id.* at 276–77; *see also Alphonsus v. Holder*, 705 F.3d 1031, 1042–43 (9th Cir. 2013).

Lopez failed to meet the first threshold requirement—that the amount of methamphetamine he had in his car was only "a very small quantity." When asked at a June 28, 2013 hearing how much methamphetamine he had in his car, Lopez replied that he could not "remember how much it was," and he did not offer any other evidence as to quantity. Once the BIA determined that no evidence supported the quantity requirement, it had no obligation to consider the other requirements in *Matter of Y-L.* Lopez's claim that the drugs were for "personal use" is not a matter of record but instead an assertion in his brief on appeal to this court.

Substantial evidence also supported the BIA's denial of Lopez's CAT claim. Lopez bore the burden to establish a clear probability he would be tortured upon his return to Mexico. *Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009). Such torture must be inflicted "by or at the instigation of or with the consent or acquiescence of a public official." *Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) (citation and internal quotations omitted).

The evidence was insufficient to establish a clear probability that Lopez would be tortured with the acquiescence of government officials if he returned to Mexico. Lopez had previously returned to Mexico multiple times, apparently

3

without incident.  While Lopez presented evidence that his family members had been threatened and harmed in the past, he did not present compelling evidence that there was a greater than 50% chance that he would be tortured.  Lopez's reliance on generalized evidence of gang violence and government corruption in Mexico similarly fails to establish such a likelihood that he would be tortured upon his return.

    **PETITION DENIED.**